**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 7:20-CV-252 |
| 1.044 ACRES OF LAND, MORE OR LESS, SITUATE IN STARR COUNTY, STATE OF TEXAS; NOELIA MUNIZ VILLARREAL, *ET AL.*, | § § § § § § | |
| *Defendants.* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT
PLAN UNDER F.R.C.P. 26(f)**

1.  **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

    Pursuant to Rule 26(f) Federal Rules of Civil Procedure Alexander DerGarabedian through a Border Fence civil investigator for the Southern District of Texas spoke with as Matias Muniz, grandson of Matias Muniz, telephonically on September 19, 2020.

2.  **State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.**

    Parties will provide initial disclosures pursuant to Rule 26(a)(1)(A) by October 26, 2020 pursuant to Rule 26(a)(1)(C).

3.  **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

    None at this time.

4.  **Briefly describe what this case is about.**

    This is a civil action brought by the United States of America under the power of eminent domain through a Declaration of Taking at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S.

    Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for the taking of property to construct, install, operate and maintain roads, fencing, vehicle barriers, security lighting, cameras, sensors and related structure designed to help secure the United States/Mexico border with the state of Texas under the power of eminent domain through a Declaration of Taking and for the determination and award of just compensation to the owners and parties in interest.

5. **Specify the allegation of federal jurisdiction.**

   Plaintiff alleges the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1358.

6. **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

   Mr. Muniz does not dispute that the court has subject matter jurisdiction under 28 U.S.C. § 1358.

7. **List anticipated additional parties that should be included, when they can be added, and by which parties desires their inclusion.**

   Yes, the United States is actively working with the defendants, Matias Muniz and Noelia Muniz Villarreal, the grandchildren of Matias Muniz and Jacinta Muniz, in generating an affidavit of heirship to determine the proper interested parties that will be needed to be substituted into this case.

8. **List anticipated interventions.**

   None

9. **Describe any class-action issues.**

   None.

10. **Describe the discovery plan proposed by the parties, including:**

    A. **What changes should be made in the timing, form or requirement for disclosures under Rule 26(a)?**

       None.

    B. **When and to whom the plaintiff anticipates it may send interrogatories?**

       The United States does not believe discovery is necessary in this case. The United States and Mr. Muniz have settled this matter for a sum certain. He will sign an offer to sell. Thereafter, the United States will attain an affidavit of heirship and file the

proper documents to dismiss this case. The United States believes that a status conference 90 days after the initial pre-trial conference would be appropriate to determine the status of the parties to be substituted.

**C. When and to whom the defendant anticipates it may send interrogatories?**

Defendant does not believe discovery is necessary in this case. The United States and Mr. Muniz have settled this matter for a sum certain. He will sign an offer to sell. Thereafter, the United State will attain an affidavit of heirship and file the proper documents to dismiss this case.

**D. Of whom and by when the plaintiff anticipates taking oral depositions?**

The United States does not believe discovery is necessary in this case. The United States and Mr. Muniz have settled this matter for a sum certain. Mr. Muniz will sign an offer to sell. Thereafter, the United State will attain an affidavit of heirship and file the proper documents to dismiss this case. The United States believes that a status conference 90 days after the initial pre-trial conference would be appropriate to determine the status of the parties to be substituted.

**E. Of whom and by when the defendant anticipates taking oral depositions?**

Defendant does not believe discovery is necessary in this case. The United States and Mr. Muniz have settled this matter for a sum certain. Mr. Muniz will sign an offer to sell. Thereafter, the United State will attain an affidavit of heirship and file the proper documents to dismiss this case.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports?**

The United States does not believe discovery is necessary in this case. The United States and Mr. Muniz have settled this matter for a sum certain. Mr. Muniz will sign an offer to sell. Thereafter, the United State will attain an affidavit of heirship and file the proper documents to dismiss this case.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

The United States does not believe discovery is necessary in this case. The United States and Mr. Muniz have settled this matter for a sum certain. Mr. Muniz will sign an offer to sell. Thereafter, the United State will attain an affidavit of heirship and file the proper documents to dismiss this case.

**H. List expert depositions the opposing party anticipates taking and their**

    **anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

    The United States does not believe discovery is necessary in this case. The United States and Mr. Muniz have settled this matter for a sum certain. Mr. Muniz will sign an offer to sell. Thereafter, the United State will attain an affidavit of heirship and file the proper documents to dismiss this case.

    **I.**    **All other matters raised in Rule 26(f).**

    Not Applicable.

**11.**    **If the parties have not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    None. The parties are in agreement.

**12.**    **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None. The parties are working to resolve the remaining title issues in the case.

**13.**    **State the date the planned discovery can reasonably be completed.**

    The United States does not believe discovery is necessary in this case. The United States and Mr. Muniz have settled this matter for a sum certain. Mr. Muniz will sign an offer to sell. Thereafter, the United State will attain an affidavit of heirship and file the proper documents to dismiss this case. The United States believes that a status conference 90 days after the initial pre-trial conference would be appropriate to determine the status of the parties to be substituted.

**14.**    **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties have been able to settle this case for a sum certain. Mr. Muniz will sign an offer to sell. Thereafter, the United State will attain an affidavit of heirship and file the proper documents to dismiss this case. The United States believes that a status conference 90 days after the initial pre-trial conference would be appropriate to determine the status of the parties to be substituted.

**15.**    **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    From July 8 to July 20, 2020, the United States reached out to Noelia Muniz unsuccessfully.

    On July 23, 2020, the United States successfully made contact with Mrs. Noelia Muniz

advised she was in poor health, that she was not concerned with this issue and that she considered these repetitive phone calls harassment.

On August 18, 2020, the United States reached out to Ms. Noelia Muniz Villarreal via telephone call on August 18, 2020 with negative contact.

On August 19, 2020, the United States texted Ms. Noelia Muniz Villarreal to discuss the Offer to Sell and she responded stating she was in poor health and that her brother, Matias Muniz, who is also an interested party, would be take lead on their negotiations at this time.

From August 20 to August 31, 2020, the United States reached out to Mr. Matias Muniz utilizing telephonic and text messaging methods almost on a daily basis and was unsuccessful.

On September 1, 2020, Mr. Matias Muniz called the United States stating Ms. Noelia Muniz Villarreal had received a letter which indicated she would have to show up in court. Mr. Muniz confirmed he was handling negotiations for the instant case moving forward. Mr. Muniz advised he was not in agreement with the amount the Government was offering. The United States advised Mr. Muniz that he could present a counteroffer if he wished. He stated he would consult with the family members and would reply the next day, September 2, 2020 at 10:30 a.m.

On September 2, 2020, the United States called Mr. Matias Muniz at 10:30 a.m. to discuss the counteroffer and other details of the case. He did not answer and a voicemail was left. Another attempt was made later in the morning and again no answer. A voicemail was left again.

On September 3, 2020, the United States called Mr. Matias Muniz in the morning to discuss the counteroffer. There was no answer and a voicemail was left.

On September 4, 2020, the United States contacted Mr. Matias Muniz regarding his meeting with his family members and a potential counteroffer. Mr. Muniz presented a counteroffer.

On September 10, 2020, the United States called Mr. Matias Muniz to present him with their counteroffer for subject tract. He stated he would consult with family members and get back to the United States.

From September 14 to September 17, 2020, several attempts to contact Mr. Matias Muniz by telephone were unsuccessful.

On September 18, 2020, the United States contacted Mr. Matias Muniz to obtain a response regarding the last counteroffer presented by the government. He did not have a counteroffer at that time and asked what date the Initial Pretrial Hearing was to take place.

From September 21 to September 24, 2020, several attempts to contact Mr. Matias Muniz by telephone were unsuccessful.

On September 25, 2020, Mr. Matias Muniz called the United States presented a new counteroffer to the Government for subject tract.

On September 29, 2020, the United States called Mr. Matias Muniz to present him with their most updated counteroffer. There was no answer and a voicemail was left.

On October 2, 2020, the United States called Mr. Matias Muniz to present him with the new counteroffer. He stated he was expecting a little more, but he would consult with family members before he could reply.

On October 7, 2020, the United States called Mr. Matias Muniz to check on status of response to the most recent counteroffer presented to him on October 2, 2020. No one answered and a voicemail was left.

On October 9, 2020, the United States called Mr. Matias Muniz to check on status of a response to the most recent counteroffer presented to him on October 2, 2020. After consulting with family members, Mr. Muniz presented his new counteroffer. The United States then advised of their best and final offer. Mr. Muniz advised he would have to consult with the family before he could agree.

On October 15, 2020, the United States called Mr. Matias Muniz to follow up on their best and final offer. No one answered and a voicemail was left.

On October 15, 2020, Ms. Noelia Muniz Villarreal called the United States to advise she had not received the packet containing the Waiver of Service at her address in Rio Grande City, Texas. She stated she would check her Post Office box in Mission, Texas on October 16, 2020, to verify if she received the packet there.

On October 16, 2020, the United States called Mr. Matias Muniz to present him with their best and final offer. No one answered and a voicemail was left. Later that day, the United States called Ms. Noelia Muniz Villarreal to confirm if she had spoken to Mr. Matias Muniz recently as the United States was trying to follow up on its best and final offer. She stated she would reach out to him and added he is very busy during the day and hard to reach.

On October 21, 2020, Mr. Muniz agreed to settle this case for a certain sum. Mr. Muniz also agreed he would assist the United States in generating an accurate affidavit of heirship to substitute in the proper interested parties in an interest to dismiss this case.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The United States does not think alternative dispute resolution will be required in this case as the parties have agreed to just compensation.

17. **Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The United States does not agree to a Magistrate Judge conducting all proceedings in this case. The United States will confer with Mr. Muniz and his relatives once they are substituted into the case.

18. **State whether a jury demand has been made and if it was made on time.**

    The United States makes no demand for a jury trial.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The United States does not believe a trial will be necessary in this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

21. **List other motions pending.**

    None.

22. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for the original and any amendments.**

    Plaintiff filed a Disclosure of Interested Parties with the Court on September 28, 2020.

23. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

    COUNSEL FOR PLAINTIFF:
    ALEXANDER N. DERGARABEDIAN
    Assistant United States Attorney
    Southern District of Texas No. 3381593
    1701 W. Bus. Hwy. 83, Suite 600
    McAllen, TX 78501
    Telephone: (956) 992-9380
    Facsimile: (956) 618-8016
    E-mail: alexander.dergarabedian@usdoj.gov
    Attorney in Charge for Plaintiff

|  | Respectfully submitted, |
|---|---|
| FOR DEFENDANT: | **RYAN K. PATRICK**<br>United States Attorney<br>Southern District of Texas |
| *s/ Noelia Muniz Villarreal*<br>**NOELIA MUNIZ VILLARREAL**<br>By Permission | *s/ Alexander N. DerGarabedian*<br>**ALEXANDER N. DERGARABEDIAN**<br>Assistant United States Attorney<br>Southern District of Texas No. 3381593 |
| *s/ Matias Muniz*<br>**MATIAS MUNIZ** By Permission | New York Bar No. 5103577<br>1701 W. Bus. Highway 83, Suite 600<br>McAllen, TX 78501<br>Telephone: 956-992-9380<br>Facsimile: (956) 618-8016<br>E-mail: alexander.dergarabedian@usdoj.gov<br>Attorney in Charge for Plaintiff |

## CERTIFICATE OF SERVICE

I, Alexander N. DerGarabedian, Assistant United States Attorney for the Southern District of Texas, do hereby certify that on October 23, 2020, I mailed a true and correct copy of the foregoing document to the all parties still remaining in this case.

By: *s/ Alexander N. DerGarabedian*
**ALEXANDER N. DERGARABEDIAN**
Assistant United States Attorney